UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **ROBERT HIVNER, JR., THOMAS REYNOLDS, AND SHANE BROOKS** | : : : | **CASE NO. 12-cv-001** |
| Plaintiffs, | : : | **(JUDGE THOMAS M. ROSE)** |
| v. | : : | |
| **ACTIVE ELECTRIC, INC., AND JACK E. TINCHER,** | : : : | |
| Defendants, | : : : | |

**ENTRY AND ORDER DENYING DEFENDANTS ACTIVE ELECTRIC INC. AND TINCHER'S MOTION TO DISMISS** (DOC. 6)**.**

Pending before the Court for decision is Defendants Active Electric Inc. and Jack E. Tincher's Motion to Dismiss. Doc. 6. Therein, Defendants assert Plaintiffs' Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs are Robert Hivner, Jr., Thomas Reynolds, and Shane Brooks (hereinafter "Plaintiffs"). Defendants are Active Electric, Inc. and Jack E. Tincher (hereinafter "Defendants").

The present case is before the Court pursuant to 28 U.S.C. § 1331 and the Court exercises jurisdiction over the Ohio state law claims pursuant to 28 U.S.C. § 1367(a).  Plaintiffs' claims assert Defendants have violated their obligation to pay correct overtime rates under the Fair Labor Standards Act, 29 U.S.C. § 207 and Ohio R.C. 4111.03. Defendants move the Court to dismiss these claims, asserting they are subject to res judicata, or claim preclusion, as the Plaintiffs had the opportunity, but failed to litigate the claims in *Hivner v. Active Electric, Inc.*

1

Case No. 3:11-cv-00226 (S.D. Ohio 2011), a case in which Plaintiffs accepted Defendants' Federal Rule of Civil Procedure Offer of Judgment. In this case, Plaintiffs brought an action seeking basic Health and Welfare plan documentation under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(c)(1), copies of all their earnings and deductions reports, all documents that reflect hours worked, and all paystubs for a three year period under Section 34a of Article II, Ohio Constitution and Ohio R.C. 4111.14(F)-(G). *Hivner I* doc. 7. Defendants also assert Plaintiffs' Amended Complaint alleges facts in direct contradiction to the original Complaint. Doc. 10. Because the contested Federal Rule of Civil Procedure 68 Offer of Judgment is not a final decision on the merits, does not arise out of the same transaction, and should not have been brought in *Hivner I*, and because the Amended Complaint does not contain facts in direct contradiction of the original Complaint, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied.

## I. Factual Background

Plaintiffs Hivner, Reynolds, and Brooks filed a lawsuit against Defendants Active Electric, Inc. and Tincher on June 29, 2011in the United States District Court Southern District of Ohio. *Hivner et al v. Active Electric, Inc.*, Case No. 11-cv-226 (S.D. Ohio 2011)(hereinafter "*Hivner I*"). *Hivner I* was a demand by Plaintiffs for Defendants to provide documentation detailing basic Health and Welfare plan documentation under ERISA, copies of all their earnings and deductions reports, all documents that reflect hours worked, and all paystubs for a three year period under Section 34a of Article II, Ohio Constitution and Ohio R.C. 4111.14(F)-(G). *Hivner I* doc. 7. The action arose out of Plaintiffs' questioning paycheck deductions and wage calculations on their paychecks. *Hivner I* doc. 7 ¶ 1, 10, 12, 13. Defendants provided Plaintiffs the requested documentation on November 2, 2011. Doc. 7 ¶ 2. The case did not go to trial, but

was instead concluded with a Federal Rule of Civil Procedure 68 Offer of Judgment. *Hivner I* doc. 10. Per the offer of judgment, Plaintiffs obtained the detailed information and a judgment in the amount of $6,801.06, which included costs and accrued attorney's fees. *Hivner 1* doc 10. The offer stated, "[t]his offer of judgment is made for the purposes specified in Rule 68, and is not to be construed either as an admission that Defendant is liable in this action or that Plaintiffs have suffered any damage or are entitled to any penalty." *Hivner I* Doc. 10, Ex. 1.The offer was accepted and entered by plaintiffs on November 30, 2011. *Hivner I* doc. 10. Final judgment was entered by the Court on December 30, 2011. *Hivner I* doc. 11.

On November 30, 2011, the same day Plaintiffs accepted Defendants' offer of judgment, Plaintiffs filed suit in the Montgomery County Court of Common Pleas. Doc. 1. The suit was subsequently removed to the United States District Court Southern District of Ohio on January 3, 2012. Doc. 1. Plaintiffs' original Complaint, which Defendants now claim contradicts the Amended Complaint currently before the Court, asserts "Plaintiffs regularly were paid different rates for the same kind of work during workweeks in which they worked in excess of forty hours." Doc. 4 ¶ 22, 33. It further asserts "The amounts of Plaintiff's respective rates of pay depended on whether the construction project was a public improvement or a private project. Doc. 4 ¶ 23, 34.

Defendants filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 6. Subsequent to Defendants' Motion to Dismiss, Plaintiffs filed an Amended Complaint on February 3, 2012, doc. 7, and a Response in Opposition to Defendants' Motion to Dismiss. Doc. 8.  Plaintiffs Amended Complaint phrases the claim differently, stating "Plaintiffs were paid different rates for the different types of work during workweeks in which they worked in excess of forty hours." Doc. 7  ¶ 34, 45.

Upon receipt of Plaintiffs' Amended Complaint and Response in Opposition to their Motion to Dismiss, Defendants filed an Answer to the Amended Complaint, doc. 9, and a Reply to Plaintiffs' Response to their Motion to Dismiss. Doc. 10. Defendants' Motion to Dismiss argues Plaintiffs' claims should be dismissed under the principle of res judicata and also that Plaintiffs' Amended Complaint asserts facts in contradiction with the original Complaint. Doc. 10.

## II. Standard of Review

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S. Ct. 609, 614 (1972). Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, *Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5, 95 S. Ct. 1524, 1531 n.5 (1975), it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. *Fitzke v. Shappell*, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

The Court is mindful that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). See also *McLain v. Real Estate Bd.*, 444 U.S. 232, 246, 100 S. Ct. 502, 511 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). Because a motion under Rule

12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Sims v. Mercy Hosp.*, 451 F.2d 171, 173 (6th Cir. 1971), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. *Scheuer*, 416 U.S. at 236, 94 S. Ct. at 1686; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *United States v. School District of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978). Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must afford the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See *Dunn v. State of Tennessee*, 697 F.2d 121, 125 (6th Cir. 1982); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Thus, this Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type alleged, if the facts alleged are insufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. See *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978); *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). In ruling on a motion to dismiss, the court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322–23, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

### III. Analysis

Defendants' Motion to Dismiss contains two arguments; first, that Plaintiffs' claim is barred by the doctrine of res judicata, or claim preclusion, doc. 6, doc. 10, and second, that Plaintiffs' Amended Complaint directly contradicts their original Complaint. Doc. 10. Because of this, Defendants argue, Plaintiffs' claim should be dismissed. Doc. 6, doc. 10.

### A. Res Judicata

Defendants assert their Motion to Dismiss should be granted under the doctrine of res judicata. Doc. 6, doc. 10. Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "Those who have contested an issue shall be bound by the result of the contest, and … matters once tried shall be considered forever settled as between the parties." *Id* at 401. The Sixth Circuit has defined res judicata as having four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (citing *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995).

### 1. Final decision on the merits by a court of competent jurisdiction

Defendants argue that the Federal Rule of Civil Procedure 68 offer of judgment is a final decision on the merits. Doc. 6, doc. 10. The Court disagrees. The first element of res judicata requires "a final decision on the merits by a court of competent jurisdiction." *Id*. To show a Federal Rule of Civil Procedure 68 offer of judgment satisfies the first element of res judicata,

Defendants point the Court to *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002). In *Wilkes*, the plaintiff sued her employer under the Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. §206(d). *Id* at 502. While awaiting a right to sue letter from the EEOC, defendants made an offer of judgment pursuant to Federal Rule of Civil Procedure 68, which was accepted by the plaintiff. *Id* at 503. Subsequently, the plaintiff received a right to sue letter from the EEOC allowing her to bring suit under Title VII and the Wyoming Fair Employment Practice Act. *Id*. The plaintiff then filed a new suit, based upon the same factual situation, in the federal district court. *Id*. The second suit was dismissed on the grounds of res judicata. *Id*. In deciding *Wilkes*, the Court of Appeals did not specifically hold the Rule 68 Offer of Judgment constituted a final decision on the merits; it conceded the issue without discussion because neither party contested it. *Id* at 504.

The Court is also directed to *Donald v. Frugal I Inc.*, 74 F. App'x 593 (6th Cir. 2003), on the applicability of a Federal Rule of Civil Procedure 68 offer of judgment as a final decision on the merits. In *Donald*, the plaintiff brought suit against the defendant in Tennessee state court alleging violation of the Tennessee Human Rights Act. *Id* at 594. While pursuing the suit in state court, the plaintiffs sought a right to sue letter from the EEOC. *Id*. Before the plaintiffs received their right to sue letter from the EEOC, the defendants made an Offer of Judgment under Tennessee Rule of Civil Procedure 68[1], which was accepted by the plaintiffs. *Id*.

The language in the offer of judgment did not include a release of all claims or a dismissal with prejudice. *Id* at 594, 595. When the plaintiffs received their right to sue letters from the EEOC, but after the acceptance of the offer of judgment, they immediately filed suit in

---

[1] Tennessee Rule of Civil Procedure 68 Offer of Judgment is similar to Federal Rule of Civil Procedure 68. It provides that the defending party may make an offer of settlement, that the offeree has a certain number of days to consider the offer, and that an offeree who rejects the offer must pay the offeror's costs if the outcome of the trial places the offeree in a worse position than if he had accepted the offer. Tenn. R Civ. P. 68.

federal district court. *Id* at 595. The court dismissed the claims, holding res judicata barred the new complaints. *Id*. *Donald* is persuasive, but distinguishable from the present case. *Donald* applies Tennessee state law res judicata, also called claim preclusion. *Id*. Under Tennessee law in *Donald*, claim preclusion applies when "'a second lawsuit involves the same parties acting in the same capacities and touches the same subject matter as the first lawsuit,' and therefore disallows 'consideration of all claims that were or reasonably could have been litigated … in the [first] state court action.'" *Id at 595, 596* (citing *Heyliger v. State Univ. of Cmty. Coll. Sys. Of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997)). Missing from the Tennessee elements of res judicata is the requirement of a final decision on the merits, which the Sixth Circuit requires. *Rawe*, 462 F.3d at 528.

Most persuasive to the Court is the Second Circuit's reasoning in *Garcia v. Scoppetta*, 289 F.Supp.2d 343 (2d Cir. 2003), which speaks directly to the preclusive effect of Federal Rule of Civil Procedure 68 judgments. "Courts have been reluctant to apply the doctrine of res judicata to consent judgments such as those arising under Rule 68." *Id* at 350 (citing *Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 274 (2d Cir. 1992). "To the extent that individual issues or entire judgments rest on admission or consent … a major element of preclusion [i.e. an adjudication on the merits] is missing." *Id* (quoting 18A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction § 4443 at 251 (2d ed.2002). However, "it would be a mistake to suggest that Rule 68 judgments should be accorded no preclusive effect." *Id*. "[P]reclusive effects should be measured by the intent of the parties." *Id* (quoting Wright, Miller, and Cooper § 4443 at 262).  In *Garcia*, the plaintiff and defendant entered into a Federal Rule of Civil Procedure 68 offer of judgment. *Id* at 347. The specific language of the offer of judgment stated it was "not to be construed as an admission either that

8

any of the defendants are liable in this action, or that plaintiffs have suffered any damage." *Id*. The plaintiff then filed a subsequent lawsuit which defendant challenged as barred by res judicata. *Id*. The court found the language in the original offer of judgment did not "suggest a design to preclude claims asserted in any other 'action' than the one at issue" and allowed commencement of the second suit. *Id* at 353.

In the present case, there was a Federal Rule of Civil Procedure 68 offer of judgment. *Hivner I* doc. 10. It was offered by the Defendants and accepted by the Plaintiffs. *Hivner I* doc. 10. Because both parties contest the applicability of the Federal Rule of Civil Procedure 68 offer of judgment, *Wilkes* is distinguishable. Also, because this claim involves res judicata under the Sixth Circuit principles, rather than Tennessee state law, the holding in *Donald* is also distinguishable. Furthermore, the language in the offer of judgment does not prohibit future related claims from being asserted in any other action. The *Hivner I* offer of judgment contains the express language "[t]his offer of judgment is made for the purposes specified in Rule 68, and is not to be construed either as an admission that Defendant is liable in this action or that Plaintiffs have suffered any damage or are entitled to any penalty." *Hivner I* Doc. 10, Ex. 1. The court construes this language, the same language used in *Garcia*, as limiting the claims asserted to *Hivner I* and not barring any subsequent claims. Therefore, the first element's requirement of a final judgment on the merits is not satisfied. Defendants' Motion to Dismiss on the grounds of res judicata cannot be granted.

**2. Subsequent action between the same parties or their privies**

The second element of res judicata requires "a subsequent action between the same parties or their privies. *Rawe*, 462 F.3d 521, 528. This element is not at issue as the parties in

9

*Hivner I* and the current action before us are the same on each side. Therefore, element two is satisfied.

**3. Claim should have been litigated in the first action and identity of claims**

Defendants argue Plaintiffs current claims could, and should have been raised in *Hivner I*. Doc. 6, doc. 10. The Court disagrees. The third element of res judicata requires "an issue in the subsequent action which was litigated or which should have been litigated in the prior action," *Rawe* at 528, and the fourth element requires "an identity of the causes of action." *Id*. "There must be an identity of the causes of action; that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Where the two causes of action arise from the "same transaction, or series of transactions," both causes should be litigated in the first action. *See Rawe*, 462 F.3d at 529.

Plaintiffs argue the current action is only possible as a result of the documents obtained from *Hivner I* and therefore to assert the claim in *Hivner I* would have been a violation of Federal Rule of Civil Procedure 11(b)(3). Doc. 8. This rule requires that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P 11(b)(3). This is a valid point; however, Defendants provided the requested documentation, the same documentation that supports the current action, on November 2, 2011, twenty-eight days before the offer of judgment was accepted. Doc. 7 ¶ 2. "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs had four full weeks to analyze the documentation and amend the complaint in *Hivner I*, but instead chose to accept the offer of

10

judgment and file a new complaint. Plaintiffs could have amended their complaint to include the new cause of action and were not barred by Federal Rule of Civil Procedure 11(b)(3).

However, to satisfy elements three and four of res judicata, both actions must arise from the "same transaction, or series of transactions." *See Rawe*, 462 F.3d at 529. Plaintiffs point out *Hivner I* sought only declaratory relief, the production of documentation, and statutory penalties. Doc. 8. They contend the cause of action and underlying legal theory is different in the present case than in *Hivner I*, therefore both actions do not arise out of the same transaction. Doc. 8. The Court agrees. While *Hivner I* and the present action include much of the same evidence and the same period of employment, *Hivner I* arose from Defendants' failure to provide requested documentation required by ERISA, *Hivner I* doc. 7, a transaction separate from allegedly miscalculating wages. The present action arises from Plaintiffs' analysis of the documentation obtained in *Hivner I* , where allegedly incorrect calculation of overtime wages was discovered. Elements three and four are not satisfied.

The present action satisfies only element two under Sixth Circuit principles of res judicata and fails under elements one, three, and four. Therefore, Defendants' Motion to Dismiss is denied on the basis that the Federal Rule of Civil Procedure 68 offer of judgment in *Hivner I* is not a final decision on the merits, does not arise out of the same transaction, and need not have been brought in *Hivner I*.

**B.  Contradictory Complaint**

In addition to their res judicata argument, Defendants argue the Motion to Dismiss should be granted because Plaintiffs' Amended Complaint directly contradicts facts from the original Complaint. Doc. 10. The Court disagrees. "A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tomayo v.*

11

*Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Defendants' assert that Plaintiffs original complaint stated they were "paid different rates for the *same kind of work* during work weeks in which they worked in excess of forty hours," doc. 10 (emphasis added), while the Amended Complaint states Plaintiffs performed "different types of work." Doc. 10. It is true the phrasing is changed, but the meaning Plaintiffs attach to the phrasing does not change. While the job itself requires the same skills, the difference in pay is related to public work versus private work. Though the original Complaint does say "same kind of work," it clearly states that the difference in pay is related to public work versus private work. Doc. 4 ¶ 23, 34. The Amended Complaint consolidates and clarifies Plaintiffs' assertion, stating "Plaintiffs were paid different rates for the different types of work during workweeks in which they worked in excess of forty hours." Doc. 7 ¶ 34, 45. In Plaintiff's Amended Complaint, "different type of work" refers to the difference of public work and private work. Plaintiffs' original Complaint and Amended Complaint are not in contradiction, therefore, Defendant's Motion to Dismiss on grounds of contradictory facts is denied.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss on the grounds of res judicata is **DENIED** and Defendants' Motion to Dismiss on the grounds of contradictory facts in the Amended Complaint is **DENIED**.[2]

**DONE** and **ORDERED** in Dayton, Ohio, July 23, 2012.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges the valuable contribution and assistance of judicial extern Sean M. Abbott in drafting this opinion.